## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| **WILLIAM HANSBAUER,** **individually and on behalf of all others similarly situated,** | ) ) ) ) | **Civil Action No.:** **1:14-cv-138** |
| **Plaintiff,** | ) ) ) | **JURY TRIAL** **DEMANDED** |
| **v.** | ) ) | |
| **DELAWARE NORTH COMPANIES SPORTSERVICE, INC.,** | ) ) ) ) | |
| **Defendant.** | | |

## COLLECTIVE ACTION COMPLAINT
## AND DEMAND FOR JURY TRIAL

Plaintiff, William Hansbauer, individually and on behalf of all others similarly situated, files the following Complaint, averring as follows:

1.    This is a collective action under the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq.* ("FLSA"), the Ohio Minimum Fair Wage Standards Act ("OMFWSA"), Ohio Rev. Code § 4111, *et seq.,* the Ohio Prompt Pay Act ("OPPA"), Ohio Rev. Code § 4113.15, *et seq.*, and Ohio common law to recover unpaid overtime, filed by Plaintiff on behalf of himself and all persons who at any time during the past

LAW OFFICES OF
E. DAVID HOSKINS
16 E. LOMBARD ST.
SUITE 400
BALTIMORE, MD 21202
410-662-6500

three years and up until the date of entry of judgment are or were employed by Defendant, paid on an hourly basis, and worked in excess of forty (40) hours per week without receiving overtime compensation.

## JURISDICTION AND VENUE

2.    This Court has original jurisdiction pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331. This court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367 because claims under state law form part of the same case or controversy as the claims under federal law.

3.    Venue for this action properly lies in the Western District of New York, pursuant to 28 U.S.C. § 1391(b), because the only Defendant is a resident of this judicial district.

## PARTIES

4.    Defendant, Delaware North Companies Sportservice, Inc. ("Sportservice" or "Defendant") is a subsidiary of Delaware North Companies, Inc. ("DNCI").

5.    DNCI's and Sportservice's corporate headquarters are located at 40 Fountain Plaza, Buffalo, New York 14202.

LAW OFFICES OF
E. DAVID HOSKINS
16 E. LOMBARD ST.
SUITE 400
BALTIMORE, MD 21202
410-662-6500

2

6.     DNCI is a global leader in hospitality and food service with operating companies in the lodging, sporting, airport, gaming and entertainment industries.

7.     With more than $2.5 billion in annual revenue as of 2013 and approximately 55,000 employees, DNCI is one of the largest privately held companies in the world.

8.     For almost one hundred years, DNCI has provided concessions, gourmet catering and fine dining services to sporting and entertainment venues, and convention centers in the United States and Canada.

9.     Upon information and belief, Sportservice and its additional subsidiaries hold exclusive contracts with various sporting, recreational and entertainment facilities throughout the United States to provide food and beverage services and retail concessions at such facilities. One such contract is with the Cincinnati Reds baseball team to provide retail and concession services at Great American Ball Park in Cincinnati, Ohio, where the Plaintiff was employed.

10.     Upon information and belief, at all times, the wage and hour and all related compensation policies for Sportservice employees, throughout the United States, were centrally and

LAW OFFICES OF
E. DAVID HOSKINS
16 E. LOMBARD ST.
SUITE 400
BALTIMORE, MD 21202
410-662-6500

collectively dictated, controlled, and ratified by Sportservice's corporate office.

11.    For example, Plaintiff, upon being hired to work at the Champions Club concession stand in Great American Ball Park, was directed to review a handbook titled "Work Rules & Regulations" ("DNCI Handbook"). The DNCI handbook, which, by its own terms, is "intended for all union and part-time seasonal associates of Delaware North Companies," provides guidance to Defendant's employees on such topics as "Hours of Work," "Overtime," "Paychecks," "Timekeeping," and "Scheduling."  All of these topics are included in a section of the DNCI Handbook entitled "General Information and Work Rules," which is deemed to provide "standard operating procedures used by all DNC units."

12.    By way of further example of Sportservice's centralized management of all of its employees throughout the United States, the DNCI Handbook expressly contemplates the "shared use" of employees between different "field locations" within Defendant.

13.    As such, Sportservice is the employer – single, joint or otherwise – of the Plaintiff and all putative class members.

LAW OFFICES OF
E. DAVID HOSKINS
16 E. LOMBARD ST.
SUITE 400
BALTIMORE, MD 21202
410-662-6500

4

14.    Plaintiff, William Hansbauer, is an adult individual residing in Fairfield, Ohio. Plaintiff was employed by Defendant from March 2013 through October 2013 at Defendant's Champions Club location at Great American Ball Park, in Cincinnati, Ohio as a grill cook. His duties included preparing food, cooking food before and during games, and garbage disposal. While working for Defendant, Plaintiff was routinely required to work in excess of forty (40) hours per work week without receiving overtime compensation.

15.    Plaintiff consents in writing to be a party to this collective action pursuant to 29 U.S.C. § 216(b).

## **FACTUAL BACKGROUND**

16.    Plaintiff and the putative class members were (and are) routinely required to work in excess of forty (40) hours per work week, without receiving overtime compensation. (Plaintiff and other proposed collective action class members are hereinafter referred to as "Hourly Employees" or "Defendant's Hourly Employees"). Defendant's Hourly Employees were (and are) only paid their regular hourly rate of compensation for each hour of overtime worked. Defendant considers its Hourly Employees as "exempt" employees for purposes of the FLSA's overtime requirements, ostensibly relying

LAW OFFICES OF
E. DAVID HOSKINS
16 E. LOMBARD ST.
SUITE 400
BALTIMORE, MD 21202
410-662-6500

upon the exemption set forth in Section 13(a)(3) of the FLSA for employees of, *inter alia,* a recreational or amusement establishment.

17.    Section 13(a)(3) of the FLSA provides a minimum wage and overtime exemption for any employee employed by an establishment that is an "amusement or recreational establishment." Defendant's Hourly Employees, however, are not exempt under Section 13(a)(3) of the FLSA because Defendant is not an "amusement or recreational establishment."

18.    The FLSA's Section 13(a)(3) exemption depends on the "character of the establishment in which the employee is employed. Restaurants are not generally recognized as amusement or recreational in nature." U.S. Department of Labor, Wage and Hour Opinion Letter, January 15, 2009, FLSA2009-11.  Furthermore, the sale of "food, drink, ... concessions, and gifts..." is not considered amusement or recreational in nature. U.S. Department of Labor, Wage and Hour Opinion Letter, October 12, 2006, FLSA2006-39.

19.    Although Defendant has exclusive contracts to provide retail and concession services at various facilities which may themselves be "amusement or recreational establishments" within the meaning of the FLSA, the U.S. Department of Labor, in interpreting

LAW OFFICES OF
E. DAVID HOSKINS
16 E. LOMBARD ST.
SUITE 400
BALTIMORE, MD 21202
410-662-6500

6

the FLSA's Section 13(a)(3) exemption, has concluded the exemption "does not extend to employees who, although working in an exempt establishment, are not 'employed by' the exempt establishment" itself. U.S. Department of Labor, Wage and Hour Opinion Letter, January 15, 2009, FLSA2009-11.

## Defendant is a Separate Establishment

20.   Under the DOL regulations, an "establishment" "refers to a 'distinct physical place of business' rather than to 'an entire business or enterprise." 29 C.F.R. §§ 779.203 and 779.303.

21.   Defendant and the "recreational host establishments" with which it contracts are not a "single establishment." 29 C.F.R. § 779.305.   Defendant is not itself an amusement or recreational establishment, but is a legal entity separate from the recreational host establishments where its employees work. U.S. Department of Labor, Wage and Hour Opinion Letter, January 15, 2009, FLSA2009-11.

22.   Factors to be considered in determining a "single establishment" "include (a) physical separation from other activities, (b) functional operation as a separate unit with separate records and

LAW OFFICES OF
E. DAVID HOSKINS
16 E. LOMBARD ST.
SUITE 400
BALTIMORE, MD 21202
410-662-6500

7

separate bookkeeping and (c) no interchange of employees between the units." 29 C.F.R. § 779.305.

23.    Other than their contractual relationship, pursuant to which Defendant provides vending services and retail sales operations, Defendant and the "recreation host establishments" with which it contracts have no legal relationship, and have no common ownership or management. Defendant is a separate legal entity from the "recreational host establishments" with which it contracts.

### Defendant's Operations at Great American Ball Park

24.    As demonstrated by Defendant's activities at Great American Ball Park, Defendant operates as a separate establishment within the various "recreational host establishments" with which it contracts to perform vending services and retail sales operations. At all times, Defendant:    1) maintains physical separation from the activities of the host establishment; 2) operates as a functionally separate unit with separate records and bookkeeping; and 3) employs its own workforce with no interchange of employees with the host establishment.

25.    For example, at Great American Ball Park, there are several different entities which employ individuals, other than

LAW OFFICES OF
E. DAVID HOSKINS
16 E. LOMBARD ST.
SUITE 400
BALTIMORE, MD 21202
410-662-6500

Defendant. Upon information and belief, the Ushers, Ticket Takers, Grounds Crew and the Cincinnati Reds team players are employed directly by the Cincinnati Reds or other entities. These employees have distinct identification badges indicating that they are employees of the Cincinnati Reds, and not Defendant. Other jobs at Great American Ball Park are performed by employees of the Reds or other companies.

26.    Employees of the Cincinnati Reds are permitted to enter their work sites using any gate or access point. Defendant's employees, however, are required to use a separate, designated entrance to pass through a security checkpoint maintained and staffed by Defendant.

27.    The identification badge issued to Plaintiff includes a "Reds" logo, but identifies him as an employee of "DNC" and states that the badge is the property of Defendant.

28.    Plaintiff was hired in March 2013, and worked as a grill cook at the Champions Club within Great American Ball Park for the entire 2013 baseball season.

29.    Because Defendant's retail and concession operations are separate from the operations of the recreational host establishments

LAW OFFICES OF
E. DAVID HOSKINS
16 E. LOMBARD ST.
SUITE 400
BALTIMORE, MD 21202
410-662-6500

9

with which Defendant has contracted, and because Defendant is not itself an amusement or recreational establishment, Defendant cannot properly rely upon the Section 13(a)(3) exemption for its employees. *Id.*; 29 C.F.R. § 779.305.

30.   There are no other exemptions under the FLSA which apply to Plaintiff and the putative class members.

31.   This action is filed on behalf of all of Defendant's Hourly Employees who were or are being improperly classified as "exempt" employees, and therefore deprived of overtime compensation, to recover all overtime pay due to them under federal law.   These persons include current and former Hourly Employees employed at any of Defendant's facilities during the three years preceding the filing of this action.

32.   Pursuant to Defendant's uniform employment policies, the Hourly Employees are classified as "exempt" and paid only their straight hourly wage for each hour of overtime worked.   During the class period, the employees at issue have consistently been denied overtime compensation. Defendant's non-compliance with the requirements of the FLSA was willful.

LAW OFFICES OF
E. DAVID HOSKINS
16 E. LOMBARD ST.
SUITE 400
BALTIMORE, MD 21202
410-662-6500

10

33.   Defendant's Hourly Employees are paid by Defendant exclusively on an hourly basis and are not paid a salary or fee.  They have received no overtime pay as required by law.

34.   Some evidence generally reflecting the number of overtime hours worked by each Hourly Employee and the compensation rates for the relevant work periods is in the possession of Defendant. While Plaintiff is unable to state at this time the exact amount owing to him and Defendant's other Hourly Employees, Plaintiff proposes to obtain such information by appropriate and focused discovery proceedings to be taken promptly in this action, and request that damages or restitution be awarded according to proof thus obtained and presented to the Court.  When an employer fails to keep such time records, employees may establish the hours worked solely by their testimony and the burden of overcoming such testimony shifts to the employer. *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680 (1946).

## COLLECTIVE AND CLASS ACTION ALLEGATIONS

35.   The preceding paragraphs are incorporated by reference as if the same were fully set forth herein.

LAW OFFICES OF
E. DAVID HOSKINS
16 E. LOMBARD ST.
SUITE 400
BALTIMORE, MD 21202
410-662-6500

36.    Plaintiff brings this FLSA collective action on behalf of himself and all other persons similarly situated pursuant to 29 U.S.C. §§ 207 and 216(b), specifically, as follows:

All persons employed by Defendant, nationally, within the three years preceding the filing of this action, who were paid on an hourly basis and worked more than 40 hours in any given work week, and were not paid overtime compensation by Defendant. ("The Nationwide FLSA Class")

Upon information and belief, Plaintiff believes that the definition of this class will be further refined following discovery of Defendant's books and records.

37.    In addition, Plaintiff also brings this action as a state-wide class action to recover unpaid overtime, under the Ohio Minimum Fair Wage Standards Act ("OMFWSA"), O.R.C. §§ 4111, *et seq.*, the Ohio Prompt Pay Act ("OPPA"), O.R.C. § 4113.15, *et seq.*, and Ohio common law. ("Ohio State Laws").

38.    Specifically, Plaintiff brings this suit on behalf of a class of similarly situated persons composed of:

All persons employed by Defendant in the State of Ohio within the three years preceding the filing of this action, who were paid on an hourly basis and worked more than 40 hours in any given work week, and were not paid overtime compensation by Defendant. ("The Ohio Class")

LAW OFFICES OF
E. DAVID HOSKINS
16 E. LOMBARD ST.
SUITE 400
BALTIMORE, MD 21202
410-662-6500

Upon information and belief, Plaintiff believes that the definition of this class will be further refined following discovery of Defendant's books and records.

39.   Plaintiff is unable to state the exact number of members of the classes without discovery of Defendant's books and records but estimates the classes to exceed several thousand individuals.

40.   There are questions of law and fact common to the classes which predominate over any questions affecting individual members only.  These factual and legal questions include:

a.   Whether Defendant's Hourly Employees were uniformly classified as exempt, in violation of the FLSA;

b.   Whether Defendant failed to pay Plaintiff and members of the classes all overtime compensation due to them by virtue of their uniform designation of such employees as exempt;

c.   Whether Plaintiff and members of the classes worked overtime;

d.   Whether Plaintiff and members of the classes were paid on an hourly basis;

e.   Whether Plaintiff and members of the classes fit within the FLSA's exemption from the overtime provisions of the

LAW OFFICES OF
E. DAVID HOSKINS
16 E. LOMBARD ST.
SUITE 400
BALTIMORE, MD 21202
410-662-6500

13

FLSA for employees "employed by an establishment which is an amusement or recreational establishment."

      f.    The correct statute of limitations for Plaintiff's and class members' claims;

      g.    The correct method of calculating back overtime pay;

      h.    Whether Plaintiff and members of the classes are entitled to compensatory damages, and if so, the means of measuring such damages;

      i.    Whether Defendant is liable for pre-judgment interest; and

      j.    Whether Defendant is liable for attorney's fees and costs.

41.    Defendant has acted and refused to act on grounds generally applicable to the classes.

42.    The claims of the representative Plaintiff are typical of the claims of the classes in that Plaintiff was denied mandatory overtime wages as a result of Defendant's uniform policy of treating its Hourly Employees as exempt employees. This is the predominant issue which pertains to the claims of each and every member of both classes.

LAW OFFICES OF
E. DAVID HOSKINS
16 E. LOMBARD ST.
SUITE 400
BALTIMORE, MD 21202
410-662-6500

14

43.    The collective action is superior to other available methods for a fair and efficient adjudication of the controversy.

44.    Plaintiff will fairly and adequately protect the interests of the classes, as his interests are in complete alignment with those of the entire classes, i.e., to prove and then eradicate Defendant's illegal employment practice of not paying overtime wages to its Hourly Employees.

45.    Counsel for Plaintiff will adequately protect the interests of the classes. Such counsel are experienced with employment/class litigation and have previously served as class counsel in employment litigation.

46.    Plaintiff and the classes he represents have suffered and will continue to suffer irreparable damage from the illegal policy, practice and custom regarding Defendant's pay practices.

47.    Defendant has engaged in a continuing willful violation of the FLSA.

48.    Plaintiff, as well as the individuals he represents, was denied overtime compensation as a result of Defendant's pay practices. This violation was intended by Defendant and was willfully done.

LAW OFFICES OF
E. DAVID HOSKINS
16 E. LOMBARD ST.
SUITE 400
BALTIMORE, MD 21202
410-662-6500

49.    Defendant's action in denying overtime wages to Plaintiff was intentional and constitutes a willful violation of the FLSA and Ohio State Laws.

## FIRST CLAIM FOR RELIEF
### FLSA OVERTIME VIOLATION
### (On Behalf of the FLSA Nationwide Class)

50.    The allegations set forth in the preceding paragraphs are incorporated herein.

51.    At all relevant times, Defendant has been an employer engaged in interstate commerce consistent with 29 U.S.C. §§ 206(a) and 207(a).  At all relevant times, Defendant employed Plaintiff and each member of the collective action class consistent with the terms of the FLSA.

52.    At all relevant times, Defendant has had annual gross revenues in excess of $500,000.00.

53.    As a consequence of Defendant's employment practices regarding its Hourly Employees, Plaintiff and the class were denied statutory overtime wages.

54.    Plaintiff and the class were employees of Defendant within the meaning of the FLSA and, as such, were entitled to the benefits of the FLSA's overtime wage requirements.

LAW OFFICES OF
E. DAVID HOSKINS
16 E. LOMBARD ST.
SUITE 400
BALTIMORE, MD 21202
410-662-6500

55.    Defendant's policy of not paying its Hourly Employees overtime wages represents and results in a willful violation of the FLSA's wage requirements within the meaning of 29 U.S.C. § 255(a).

56.    Defendant has failed to pay appropriate overtime wages under the FLSA.

## SECOND CLAIM FOR RELIEF
### OMFWSA Claim
### (On Behalf of the Ohio Class)

57.    The preceding paragraphs are incorporated by reference as if the same were fully set forth herein.

58.    The OMFWSA incorporates the relevant definitions and exemptions of the FLSA.  Ohio Rev. Code § 4111.03(A).

59.    As a consequence of Defendant's employment practices, as described herein, Plaintiff and members of the Ohio Class were denied statutorily-required overtime wages.

60.    Plaintiff and the members of the Ohio Class were employees of Defendant within the meaning of the OMFWSA and, as such, were entitled to the benefits of the OMFWSA's wage requirements.

61.    Defendant is an employer within the meaning of the OMFWSA.

LAW OFFICES OF
E. DAVID HOSKINS
16 E. LOMBARD ST.
SUITE 400
BALTIMORE, MD 21202
410-662-6500

17

62.    Defendant's policy of denying Plaintiff and the members of the Ohio Class overtime wages represents and results in a violation of the OMFWSA.

### THIRD CLAIM FOR RELIEF
**OPPA Claim**
**(On Behalf of the Ohio Class)**

63.    The preceding paragraphs are incorporated by reference as if the same were fully set forth herein.

64.    The OPPA provides in relevant part:

Every individual, firm, partnership, association, or corporation doing business in this state shall, on or before the first day of each month, pay all its employees the wages earned by them during the first half of the preceding month ending with the fifteenth day thereof, and shall, on or before the fifteenth day of each month, pay such employees the wages earned by them during the last half of the preceding calendar month.

O.R.C. § 4113.15(A).

65.    Plaintiff and members of the Ohio Classes were employees of Defendant within the meaning of the OPPA and, as such, are entitled to timely payment of all wages due to them.

66.    Defendant is an employer within the meaning of the OPPA.

LAW OFFICES OF
E. DAVID HOSKINS
16 E. LOMBARD ST.
SUITE 400
BALTIMORE, MD 21202
410-662-6500

18

67.    Defendant's policies of failing to pay Plaintiff and the Ohio Class members their overtime wages earned results in a violation of the OPPA.

68.    Any consent or agreement by Plaintiff and the members of the Ohio Classes whereby Plaintiff and the members of the Ohio Classes agreed to forgo overtime payment for the time they worked is unenforceable as contrary to public policy.

### FOURTH CLAIM FOR RELIEF
### Unjust Enrichment/Quantum Meruit
### (On Behalf of the Ohio Class)

69.    The preceding paragraphs are incorporated by reference as if the same were fully set forth herein.

70.    Plaintiff brings this Fourth Claim for Relief in the alternative to their claim under the OPPA.

71.    Any agreement or consent by the Plaintiff and the members of the Ohio Class to work without overtime compensation is an illegal agreement in violation of the public policy of Ohio intended to protect employees from being denied statutory minimum payments for all hours worked. Any such agreement is unenforceable because it is illegal. Plaintiff and the members of the Ohio Class were not paid overtime wages for all of the time they worked for

LAW OFFICES OF
E. DAVID HOSKINS
16 E. LOMBARD ST.
SUITE 400
BALTIMORE, MD 21202
410-662-6500

19

Defendant.

72.    Plaintiff and the members of the Ohio Class conferred a benefit upon Defendant by performing work for which they were not fully compensated.

73.    Defendant knew and appreciated that it was receiving the benefit of the under-compensated work performed by the Plaintiff and members of the Ohio Class.

74.    Defendant retained the benefit of the under-compensated work performed by the Plaintiff and members of the Ohio Class under circumstances which render it inequitable and unjust for Defendant to retain such benefits without paying for their value.

75.    Defendant was unjustly enriched by requiring the Plaintiff and members of the Ohio Class to work without overtime payment for all hours worked by Plaintiff and the members of the Ohio Class.

76.    Plaintiff and members of the Ohio Class rendered valuable services to the Defendant.

77.    The services were accepted, used and enjoyed by Defendant.

78.    The services were rendered under such circumstances that reasonably notified Defendant that the Plaintiff and members of

LAW OFFICES OF
E. DAVID HOSKINS
16 E. LOMBARD ST.
SUITE 400
BALTIMORE, MD 21202
410-662-6500

the Ohio Class, in performing such services, expected to be paid legally required wages by Defendant.

WHEREFORE, Plaintiff, on behalf of himself and the classes, respectfully requests:

a)    Designation of this action as a collective action on behalf of the Nationwide FLSA Class and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all Nationwide FLSA Class members, apprising them of the pendency of this action, and permitting them to assert timely FLSA claims in this action by filing individual consent to sue forms pursuant to 29 U.S.C. § 216(b);

b)    Designation of Plaintiff as representative of the Nationwide FLSA Class;

c)    Designation of counsel of record as counsel for the Nationwide FLSA Class;

d)    Designation of this action as a class action on behalf of the Ohio Class pursuant to Federal Rule of Civil Procedure 23;

e)    Designation of Plaintiff as representatives of the Ohio Class;

f)    Designation of counsel of record as counsel for the Ohio Class;

LAW OFFICES OF
E. DAVID HOSKINS
16 E. LOMBARD ST.
SUITE 400
BALTIMORE, MD 21202
410-662-6500

g)    A Declaration that Defendant has violated the FLSA;

h)    A Declaration that Defendant has violated the OMFWSA;

i)    A Declaration that Defendant has violated the OPPA;

j)    A Declaration that Defendant has been unjustly enriched;

k)    An Order enjoining Defendant, its officers, agents, successors, employees, attorneys, assigns, and other representatives, and all those acting in concert with it at its direction, from engaging in any employment policy or practice which violates the FLSA, OMFWSA, and OPPA;

l)    An Order requiring Defendant to make whole those persons adversely affected by the policies and practices described herein by providing appropriate back pay, and reimbursement for lost overtime wages in an amount to be shown at trial;

m)    A Declaration that Plaintiff and members of the Ohio Class are entitled to the value, *quantum meruit*, of the services rendered by them to the Defendant;

LAW OFFICES OF
E. DAVID HOSKINS
16 E. LOMBARD ST.
SUITE 400
BALTIMORE, MD 21202
410-662-6500

22

n)    An Order requiring Defendant to pay back to Plaintiff and members of the Ohio Class the amounts representing Defendant's unjust enrichment and the value, *quantum meruit*, of the services rendered by them to the Defendant;

o)    All applicable statutory damages to Plaintiff, the Nationwide FLSA Plaintiffs, and members of the Ohio Class;

p)    Appropriate liquidated damages to Plaintiff, the Nationwide FLSA Plaintiffs, and members of the Ohio Class;

q)    Reasonable attorneys' fees and costs of action incurred herein; and

r)    Such other and further legal and equitable relief as this Court deems necessary, just, and proper.

## **JURY DEMAND**

Pursuant to Rule of Civil Procedure 38, Plaintiff hereby demands a trial by jury on all issues in this action, except for any issues relating to the amount of attorneys' fees and litigation costs to be awarded should Plaintiff prevail on any of his claims in this action.

LAW OFFICES OF
E. DAVID HOSKINS
16 E. LOMBARD ST.
SUITE 400
BALTIMORE, MD 21202
410-662-6500

Dated: February 25, 2014          Respectfully submitted,

/s/ E. David Hoskins
E. David Hoskins, Esquire
THE LAW OFFICES OF E. DAVID HOSKINS,
LLC
16 East Lombard Street, Suite 362
Baltimore, Maryland 21202
(410) 662-6500 (Tel.)
(410) 662-7800 (Fax)
davidhoskins@hoskinslaw.com


Gary F. Lynch, Esquire
CARLSON LYNCH LTD
115 Federal Street, Suite 210
Pittsburgh, PA 15212
(412) 322-9243 (Tel.)
(412) 321-0246
glynch@carlsonlynch.com

*Attorneys for Plaintiff*

LAW OFFICES OF
E. DAVID HOSKINS
16 E. LOMBARD ST.
SUITE 400
BALTIMORE, MD 21202
410-662-6500