UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

WILLIAM HANSBAUER, individually and
on behalf of all others similarly situated,      **REPORT and**
     **RECOMMENDATION**

         Plaintiff,      14-CV-00138(WMS)(JJM)

v.

DELAWARE NORTH COMPANIES
SPORTSERVICE, INC.,

         Defendant.
_____

         This case has been referred to me by Hon. William M. Skretny for supervision of pretrial proceedings, including the preparation of a Report and Recommendation on dispositive motions [14].[1]  For the following reasons, I recommend that this case be dismissed, without prejudice.

## BACKGROUND

         Defendant provides concession services at various sporting venues and classifies certain of its employees exempt from the overtime provisions of the Fair Labor Standards Act, 29 U.S.C. §201 *et seq*. ("FLSA") pursuant to the "amusement or recreational establishment" exception of 28 U.S.C. §213(a).  *See* Defendant's Memorandum of Law [12-1], pp. 1-2.  Both in this case and in Hill v. Delaware North Companies Sportservice, Inc., 11-cv-00753(WMS)(JJM), plaintiffs challenge defendant's use of this exception (albeit at different venues) and assert claims against it under the FLSA.

---

[1]      Bracketed references are to the CM/ECF docket entries.

In <u>Hill</u>, I recommended in Reports and Recommendations dated July 28 and December 15, 2014 [103, 116] that defendant's motions for summary judgment be granted on the grounds that the amusement or recreational establishment exemption applied to concession services at Oriole Park at Camden Yards, and those recommendations were later adopted by Judge Skretny [107, 120].  Based upon the parties' representation that "[t]he pertinent legal questions with respect to the application of the exemption in this action were already decided . . . in <u>Hill</u>" ([25], ¶3), I granted their joint motion to stay proceedings pending resolution of the plaintiffs' appeal in <u>Hill</u>. *See* July 27, 2015 Order [26].

Following the Second Circuit affirmance of the judgment in <u>Hill</u> (838 F.3d 281 (2d Cir. 2016)), I conducted a conference with the parties [28] and issued an Order to Show Cause ("OSC") [29] directing plaintiff to demonstrate by January 17, 2017 "why this action should not be dismissed in light of the Second Circuit's decision in <u>Hill</u>". <u>Id</u>., ¶5.  Notwithstanding that my OSC cautioned plaintiff that if he failed to respond, "the action may be dismissed, without prejudice" (<u>id</u>., p. 2), no response was filed.

There being no response from plaintiff to the OSC and given his prior representation that the "[t]he pertinent legal questions with respect to the application of the exemption in this action were already decided . . . in <u>Hill</u>" (Joint Motion [25], ¶3), I find no reason why this action should not be dismissed, without prejudice.

**CONCLUSION**

For these reasons, I recommend that the action be dismissed, without prejudice. Unless otherwise ordered by Judge Skretny, any objections to this Report and Recommendation

must be filed with the clerk of this court by February 1, 2017.   Any requests for extension of this deadline must be made to Judge Skretny.   A party who "fails to object timely . . . waives any right to further judicial review of [this] decision".   Wesolek v. Canadair Ltd., 838 F. 2d 55, 58 (2d Cir. 1988); Thomas v. Arn, 474 U.S. 140, 155 (1985).

Moreover, the district judge will ordinarily refuse to consider *de novo* arguments, case law and/or evidentiary material which could have been, but were not, presented to the magistrate judge in the first instance.   Patterson-Leitch Co. v. Massachusetts Municipal Wholesale Electric Co., 840 F. 2d 985, 990-91 (1st Cir. 1988).

The parties are reminded that, pursuant to Rule 72(b) and (c) of this Court's Local Rules of Civil Procedure, written objections shall "specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for each objection . . . supported by legal authority", and must include "a written statement either certifying that the objections do not raise new legal/factual arguments, or identifying the new arguments and explaining why they were not raised to the Magistrate Judge".   Failure to comply with these provisions may result in the district judge's refusal to consider the objections.

Dated: January 18, 2017

/s/ Jeremiah J. McCarthy
JEREMIAH J. MCCARTHY
United States Magistrate Judge